IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMIL CHARLES EDWARDS,               )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )    C.A. No. 22-013 (VAC)
                                     )
JAMES T. VAUGHN CORRECTIONAL         )
CENTER, et al.,                      )
                                     )
                    Defendants.      )

## <u>**MEMORANDUM OPINION**</u>

Jamil Charles Edwards, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se
Plaintiff.

May 26, 2022
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Jamil Charles Edwards("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, commenced this action on January 4, 2022, pursuant to 42 U.S.C. § 1983.[1]  (D.I. 3).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 6).  He requests counsel.  (D.I. 5).  This Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## I.  **BACKGROUND**

Plaintiff alleges violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  As alleged, on July 27, 2022, Defendant staff lieutenant Orlando DeJesus ("DeJesus") removed Plaintiff from his medium security cell and transferred him to solitary or maximum security confinement.  (D.I. 3 at 7).  DeJesus issued Plaintiff a write-up that stated that DeJesus had received a letter written by Plaintiff that instructed inmates to attack JTVCC staff and, specifically, Defendant Warden Robert May ("May").  (*Id*.).  Defendant Staff Lieutenant Franchot Wallace ("Wallace") approved and served Plaintiff the write-up on July 30, 2021.  (*Id*.).  Plaintiff denies writing the letter regarding an attack and conveyed that to May.  (*Id*.).  A few days later May was on Plaintiff's tier and indicated to Plaintiff that Plaintiff had written the letter.  (*Id*.).

On August 6, 2021, Plaintiff was escorted to his disciplinary hearing.  (*Id*.).  Defendants Staff Lieutenants Robert Hieshman ("Hieshman") and Jason Coviello ("Coviello") conducted the hearing.  (*Id*.).  Plaintiff told them that he wanted to confront his accuser (*i.e.*, DeJesus, who wrote him up) and view the evidence against him.  (*Id*.).  Plaintiff's requests were denied because

---

[1]  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Hieshman and Coviello wanted to protect the safety and integrity of the on-going investigation. (*Id*.).  Coviello told Plaintiff that he had interviewed DeJesus and seen the evidence, including the letter, and it proved that Plaintiff had written the letter.  (*Id*. at 7-8).  Plaintiff was found guilty and sanctioned to "100 days loss of good time, 5 days D&D, 10 days C.T.Q., and housing in solitary confinement until [Plaintiff's] next classification."  (*Id*. at 6, 8).

Plaintiff appealed.  (*Id.* at 8).  On August 17, 2021, Defendant Phillip Parker denied the appeal on the grounds that the investigation was complete, there was evidence of security threat group activity, and even had Plaintiff confronted his accuser it would not change anything.  (*Id*.).  May approved and signed the sanction.  (*Id*.).

Plaintiff asks this Court to vacate the finding of guilt on all charges and seeks compensatory and punitive damages.  (*Id*. at 9).

## II.   <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

III. **DISCUSSION**

A. **Eleventh Amendment Immunity**

Defendants JTVCC, Delaware Department of Correction, and James T. Vaughn Criminal Investigative Division are immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman*

*v. Jordan*, 415 U.S. 651 (1974). Hence, the foregoing Defendants are entitled to immunity under the Eleventh Amendment. *See e.g. George X v. Carney*, No. Civ.A. 21-499-LPS, 2021 WL 7209518, at *3 (D. Del. Dec. 7, 2021) (State of Delaware immune from suit under the Eleventh Amendment); *Evans v. Ford*, No. Civ.A. 03-868-KAJ, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (DOC dismissed because DOC is state agency and DOC did not waive Eleventh Amendment immunity). In addition, these Defendants are not "persons" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Therefore, JTVCC, Delaware Department of Correction, and James T. Vaughn Criminal Investigative Division will be dismissed.

### B.     Respondeat Superior/Personal Involvement

Commissioner Monroe Hudson, Jr. ("Commissioner Hudson") is named as a defendant apparently based upon his position as there are no allegations directed towards him. There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d at 353.

Plaintiff states no cognizable claim against Commissioner Hudson. Therefore, he will be dismissed as a defendant.

### C.    Disciplinary Proceedings

Plaintiff's remaining claims concern the issuance of a disciplinary report, his disciplinary hearing, finding of guilt, sanctions imposed, and appeal.  He raises claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

To the extent that Plaintiff's Eighth Amendment claim arises out of his confinement in solitary confinement following a finding of guilt on the charges of security threat group activity and threatening behavior, such confinement does not, standing alone, constitute cruel and unusual punishment.  *Pena v. Clark*, No. 21-2931, 2022 WL 897037, at *2 (3d Cir. Mar. 28, 2022) (citing *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000).  "[P]unitive isolation is not necessarily unconstitutional, but it may be, depending on the duration of the confinement and the conditions." *Hutto v. Finney*, 437 U.S. 678, 685 (1978) (cleaned up).  The Complaint contains no allegations complaining of the length or conditions of confinement.  Accordingly, the claim fails.

As to the Sixth Amendment claim that Plaintiff was not allowed to confront his accusers, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974.  More specifically, prisoners do not have rights to confrontation or cross-examination of witnesses during prison disciplinary proceedings.  *Id.* at 567-69; *see also Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir. 1991); *Islaam v. Kubicki*, 838 F. App'x 657, 660 (3d Cir. 2020).  Thus, Plaintiff cannot maintain his Sixth Amendment claim.

Plaintiff alleges that he received write-ups for disciplinary infractions he did not commit, he was not allowed to confront his accuser and review evidence against him at his disciplinary hearing, he was found guilty based upon evidence seen by Coviello, was sanctioned, he appealed,

the guilty finding was upheld on appeal, and the sanctions approved. Part of the sanction included housing Plaintiff in solitary confinement until next classification.

When analyzing a due process claim based on a stay in solitary confinement, the first step is to determine whether the plaintiff alleged a deprivation of his constitutionally protected liberty interest. *Shoats v. Horn*, 213 F.3d 140, 143-44 (3d. Cir. 2000). If such a deprivation is alleged, the second step is to determine whether the plaintiff received "all of the process he was due." *Id.* at 143. A prison official can deprive an inmate of his constitutionally protected liberty interest by keeping him in solitary confinement if such a stay "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To determine the significance of the alleged hardship, courts consider the length and nature of the stay in confinement. As alleged, at the time Plaintiff commenced this action he had been housed in solitary confinement for five months and three days and will be housed there until his next classification. The amount of time Plaintiff was housed in solitary confinement, by itself, does amount to an "atypical and significant" hardship that implicates due process concerns. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995) (explaining that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence); *see also Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (holding that seven months of disciplinary confinement did not violate a protected liberty interest). In addition, although prolonged and indefinite solitary confinement may give rise to a due process liberty interest, *see Porter v. Pennsylvania Dep't of Correc.*, 974 F.3d 431, 450 (2020), that is not the case here. The allegations are that Plaintiff will be housed in solitary confinement until his next classification, not that he will be housed there indefinitely. Therefore, Plaintiff fails to allege that he is subjected to an atypical and significant hardship.

Prisoners retain basic constitutional rights, including procedural due process protections. Prison disciplinary hearings, however, are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff*, 418 U.S. at 556-57 (1974); *Young*, 926 F.2d at 1399. The requirements of due process in prison disciplinary hearings are that an inmate is entitled to: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. Finally, the right to appeal a disciplinary conviction is not within the narrow set of due process rights delineated in *Wolff*. *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983).

As discussed above, Plaintiff does not have a constitutional right to confront his accuser. Also, as alleged, Defendants explained to Plaintiff why he was not allowed to confront his accuser or review the evidence inasmuch as they did not want to compromise the integrity of the investigation. Plaintiff was provided the process he was due and, therefore, the Complaint does not allege a deprivation of Plaintiff's procedural due process rights.

Plaintiff has failed to state claims relative to the disciplinary proceedings. Therefore, they will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### D.     Request for Counsel

Plaintiff requests counsel. (D.I. 5). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d

187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  Representation by counsel, however, may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

As just discussed, the Complaint fails to state claims and, therefore, there is no operative pleading.  The request for counsel will be denied without prejudice to renew.

## IV.   <u>CONCLUSION</u>

For the above reasons, the Court will:  (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 5); and (2) dismiss the Complaint as frivolous, for failure to state claims upon which relief may be granted, and based upon Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2).  Amendment is futile as to his claims against Defendants JTVCC, Delaware Department of Correction, James T. Vaughn Criminal Investigative Division, and Commissioner Hudson as well as his Sixth Amendment claims.  Plaintiff is given leave to amend his 5th, 8th, and 14th Amendment claims to the extent these claims are based on his solitary confinement.

An appropriate Order will be entered.